UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
DAVID KOPNITSKY,                 : CASE NO. 4:20-CV-2168


                                                :
            Petitioner,              :
                                                : MEMORANDUM OF OPINION
vs.                                           : AND ORDER
                                                :
STATE OF OHIO,                        :
                                                :
            Respondent.              :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        *Pro se* Petitioner David Kopnitsky filed this Petition for a Writ of Habeas Corpus

under 28 U.S.C. § 2254.  Kopnitsky is currently incarcerated in the Warren Correctional

Institution, having pled guilty on December 29, 2017 to failure to comply with an order or

signal of a police officer, vehicular assault, and aggravated possession of oxycodone and

cocaine.  He asserts four grounds for relief in this Petition: (1) the initial judge's promise was

not honored by the new judge; (2) he was denied jail time credit accrued under his criminal

case number; (3) he received a more severe sentence than the one agreed upon in the plea deal

before the first judge who presided over his case; and (4) the trial court at his plea hearing

failed to explain the mandatory consecutive sentence for the charge of failure to comply with

an order of a police officer.  Petitioner admits he did not exhaust his state court remedies for

any of these grounds, due to advice he received from appellate counsel and the Covid-19

pandemic.  For the reasons set forth below, this action is dismissed without prejudice.

# I. Background

On December 18, 2016, Petitioner failed to stop his vehicle when police officers signaled for him to stop his vehicle and instead attempted to flee from them.[1]  He eventually crashed the car, causing serious injury to both himself and his passenger.  Petitioner was indicted on March 23, 2017 on four counts: (1) failure to comply with an order or signal of a police officer (2) vehicular assault; (3) aggravated possession of oxycodone and (4) aggravated possession of cocaine.   On December 29, 2017, Petitioner agreed to plead guilty to the indictment, while the state agreed to recommend a term of incarceration deemed appropriate by the court, substance abuse treatment, and a driver's license suspension for the mandatory minimum of 3 years. The written plea agreement signed by Petitioner explained the ramifications of the plea, including the possible total sentence of 6.5 years that could be imposed at sentencing.  Nevertheless, Petitioner claims the Judge indicated verbally that he did not intend to impose more than 3 years.

The sentencing hearing was set for February 1, 2018; however, Petitioner failed to appear for sentencing on that date, and the court issued a bench warrant.  He was apprehended ten months later on November 27, 2018 in Cuyahoga County, Ohio.  In the time he was a fugitive, the judge that presided over his plea hearing retired and a new judge had assumed his position.  When Petitioner was sentenced on January 11, 2019, the new judge considered Petitioner's extensive criminal record and the danger in which he placed the general public and his passenger by fleeing police.  He sentenced Petitioner to an aggregate total sentence of

---

[1]     Factual background information was taken from the opinion of the Ohio Seventh District Court of Appeals.  *See State v. Kopnitsky,* No. 19 MA 0019, 2019 WL 6713613, at *1-6 (Ohio 7th Dist. Ct. App. Dec. 5, 2019).

four years.  Petitioner immediately made a verbal motion to withdraw his guilty plea on the

ground that his sentence exceeded that which the former judge indicated he would impose.

The court denied the motion.

Petitioner filed a timely appeal with the Ohio Seventh District Court of Appeals,

asserting one assignment of error[2]:

> THE TRIAL ERRED AND IMPOSED A SENTENCE CLEARLY AND
> CONVINCINGLY CONTRARY TO LAW, BY FAILING TO ALLOW THE
> DEFENDANT-APPELLANT TO WITHDRAW HIS GUILTY PLEA TO COUNT
> ONE BASED ON HIS ORAL MOTION AFTER SENTENCING.

The Ohio Appellate Court considered the ground and determined Petitioner's plea was

knowingly, voluntarily, and intelligently made.  They affirmed the trial court judgment.

Petitioner states he did not appeal this decision to the Ohio Supreme Court because he did not

have an attorney and because he was prevented from doing so by the Covid-19 pandemic.

Petitioner also states he filed two Motions for Judicial Release in the trial court in

January and August 2020.  He asserted that he had been promised a lighter sentence at his

plea hearing than that which he received at sentencing.  He also asserted concerns that his

health conditions made him more vulnerable to serious complications if he should contract

Covid-19.  Both Motions were denied.  He did not appeal these decisions.  Petitioner further

states he filed a Motion contesting the calculation of jail time credit suggesting the court did

not include the time he was in the hospital after the collision.  That Motion was also denied.

---

[2] *Id.* at *3

Petitioner did not appeal that decision.  He states his attorney told him it could not be included in his direct appeal.  In addition, he claims he could not appeal due to the Covid-19 pandemic.

Petitioner has now filed the within Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 asserting four grounds for relief:

1.  Initial judge's promise [was] not honored by new judge;

2.  Denial of JTC time spent confined under this case number, resulting in my kidnaping;

3.  Severe sentence contrary to agreed upon deal based on judge's personal bias of the charges;

4.  Upon sentencing failure of the court to explain the "mandatory" sentencing/consecutive sentence of failure to comply.

In explanation of his first and third grounds, he explains that the judge at his plea hearing told him that prison was not presumed necessary; however, he could sentence Petitioner for up to three years.  Petitioner contends the judge at his sentencing did not follow the prior judge's indications because he believed the charges were more serious in nature and instead sentenced him to four years in prison. With respect to his second ground for relief, he claims that the judge at sentencing did not include the time he spent hospitalized after the collision in the total amount of jail time credited to his sentence.  Finally, in explanation of his fourth ground for relief, he contends the judge at his plea hearing did not explain that the Ohio Revised Code required his sentence for failure to comply to be served consecutively and not concurrently with the sentences on the other charges.  This had the effect of making his sentence four years instead of the three years to which he contends he was told would be the maximum sentence

he could receive.  He asks this Court to order the state court to resentence him to three years

or to revise his jail time credit calculation.

## II.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which

amended 28 U.S.C. § 2254, was enacted "to reduce delays in the execution of state and

federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'"[3]

Consistent with this goal, when reviewing an application for a writ of habeas corpus by a

person in custody pursuant to the judgment of a State court, a determination of a factual issue

made by a State court shall be presumed to be correct.[4]  The Petitioner has the burden of

rebutting the presumption of correctness by clear and convincing evidence.[5]  A federal court,

therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any

state court unless the adjudication of the claim either: "(1) resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding."[6]

---

[3]        *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).

[4]        *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774-76 (6th Cir. 2008).

[5]        28 U.S.C. § 2254(e)(1).

[6]        28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

### III.  Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles.  Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.[7] Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits.[8]  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim asserted in the habeas Petition.[9]  This means it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law,[10] and it must be presented to the state courts under the same legal theory in which it is later presented in federal court.[11]

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement.[12]  In these cases, the state judgment is not based on a resolution of federal

---

[7]      28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).

[8]      *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

[9]      *Wagner*, 581 F.3d at 414.

[10]      *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).

[11]      *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

[12]      *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

constitutional law, but instead "rests on independent and adequate state procedural grounds."[13] A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will

Furthermore, there is a one-year statute of limitation for filing a § 2254 petition.[14] The limitation period runs from the latest of the date on which the judgment became final by the conclusion of direct appeal or the expiration of the time for seeking a direct appeal. If the Petitioner properly files a post-conviction Petition, the time that the Petition is pending will not be counted toward the one-year time limitation.

## IV. Analysis

All of Petitioner's grounds for relief are unexhausted. He arguably raised his first and third grounds for relief on direct appeal but did not pursue relief in the Supreme Court of Ohio. He raised his second ground by post judgment motion in the trial court but did not appeal the denial of his motions. His fourth ground for relief does not appear to have been raised in the Ohio courts.

As explained above, a Petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court.[15] The United States Supreme Court has emphasized that the "interests of comity and federalism

---

[13]    *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

[14]    28 U.S.C. § 2244(d)(1) and (2).

[15]    *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A).

dictate that state courts must have the first opportunity to decide a petitioner's claim," since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."[16]  Accordingly, where a Habeas Petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a Petitioner to pursue his available state remedies.[17]

Nevertheless, a habeas court need not wait for a Petitioner's claims to be exhausted if it determines that a return to state court would be futile.  If a Petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for Petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted.[18]

Although far from guaranteed, this Court cannot conclude that return to state court would be futile for Petitioner.  He indicated that this counsel gave him poor advice.  Ineffective assistance of appellate counsel may be grounds for reopening a direct appeal under Ohio App. Rule 26(b).  It may also be considered ground for excusing default in state court proceedings.  Moreover, Petitioner alleges that the Covid-19 pandemic prevented him from pursuing appeals.  It would be up to the state courts to determine whether these reasons would

---

[16]     *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted).

[17]     *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

[18]     *See O'Sullivan*, 526 U.S. at 847–48; *Harris v. Reed*, 489 U.S. 255, 260–62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir.1989).

be sufficient to demonstrate good cause for failing to file timely remedies or appeals.   His

Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 must be dismissed to allow

Petitioner to return to state court to comply with the exhaustion requirement.

## V.  Conclusion

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* is granted,[19] the

Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is

dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this

decision could not be taken in good faith, and there is no basis upon which to issue a

certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

_s/  James S. Gwin_____
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[19]      Petitioner did not file a document entitled Motion to Proceed *In Forma Pauperis*; however, he submitted his inmate trust account statement.  The Court liberally construes this as his Motion,