UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                      |   |                          |
|----------------------|---|--------------------------|
| DAVID KOPNITSKY,     | : | CASE NO. 20-cv-02168     |
| Petitioner,          | : | OPINION & ORDER          |
|                      | : | [Resolving Doc. 5]       |
| v.                   | : |                          |
| STATE OF OHIO,       | : |                          |
| Respondent.          | : |                          |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In a letter to the Court styled as a motion to reopen Petitioner David Kopnitsky's habeas corpus petition, Petitioner asks the Court for advice regarding his habeas claims in state court. Petitioner says he filed motions in the 7th District Court of Appeals. He also says that a prison library official discouraged him from seeking relief at the Ohio Supreme Court.

While the Court recognizes the difficultly and complexity of pursuing state habeas claims without counsel, federal courts are not permitted to give legal advice.

For petitioner's benefit, the Court repeats from its earlier habeas decision:

> Nevertheless, a [federal] habeas court need not wait for a Petitioner's claims to be exhausted if it determines that a return to state court would be futile. If a Petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for Petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted.
>
> Although far from guaranteed, this Court cannot conclude that return to state court would be futile for Petitioner. He indicated that this counsel gave him poor advice. Ineffective assistance of appellate counsel may be grounds for reopening a direct appeal under Ohio App. Rule 26(b). It may also be

Case No. 20-cv-02168
GWIN, J.

considered ground for excusing default in state court proceedings. Moreover, Petitioner alleges that the Covid-19 pandemic prevented him from pursuing appeals. It would be up to the state courts to determine whether these reasons would be sufficient to demonstrate good cause for failing to file timely remedies or appeals. His Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 must be dismissed to allow Petitioner to return to state court to comply with the exhaustion requirement.[1]

The Court **DENIES** Petitioner's motion to reopen his federal habeas case.

IT IS SO ORDERED.

Dated: August 4, 2022                     *s/    James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[1] Doc. 3 at 8–9.